Opinion filed September 13, 2018



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00090-CV

_____

## IN THE INTEREST OF A.L.S., A CHILD

**On Appeal from the 118th District Court**

**Howard County, Texas**

**Trial Court Cause No. 51810**

### M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother and father of A.L.S. A.L.S.'s mother filed a notice of appeal. She presents three issues for this court's review. In the first issue, she complains of the trial court's refusal to dismiss the lawsuit. In the second and third issues, she challenges the legal and factual sufficiency of the evidence to support the termination of her parental rights. We affirm.

In her first issue, Appellant argues that the trial court erred when it denied her motion to dismiss the lawsuit "for failure to render a final order"[1] prior to the mandatory dismissal date. Appellant's complaint is based on Section 263.401(a) of the Texas Family Code. The version of Section 263.401(a) that applies to this case reads as follows:

> Unless the court has commenced the trial on the merits or granted an extension under Subsection (b) or (b-1), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, *the court shall dismiss the suit* affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child.

Former FAM. § 263.401(a) (2015) (emphasis added) (as that subsection existed prior to the 2017 amendments)[2]; *see In re P.M.W.*, No. 06-17-00094-CV, 2018 WL 3862798, at *2 (Tex. App.—Texarkana Aug. 15, 2018, no pet. h.).

---

[1]We note that the applicable date is the date that trial commences, not the date that the trial court renders a final order. *See In re H.R.T.*, No. 11-16-00055-CV, 2016 WL 4385724, at *3 n.2 (Tex. App.—Eastland Aug. 12, 2016, no pet.) (mem. op.).

[2]For suits filed on or after September 1, 2017, the statute, as amended, provides:

> Unless the court has commenced the trial on the merits or granted an extension under Subsection (b) or (b-1), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, *the court's jurisdiction over the suit* affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child *is terminated and the suit is automatically dismissed without a court order*.

Act of May 28, 2017, 85th Leg., R.S., ch. 319, § 12, 2017 Tex. Gen. Laws 713, 718–19 (codified at TEX. FAM. CODE § 263.401(a)) (emphasis added). The effective date of the amendment was September 1, 2017. *Id.* § 34, at 735. The legislature provided, however, that the changes made to Section 263.401 "apply only to a suit affecting the parent-child relationship filed on or after the effective date of this Act. A suit affecting the parent-child relationship filed before the effective date of this Act is governed by the law in effect on the date the suit was filed, and the former law is continued in effect for that purpose." *Id.* § 33, at 735; *see In re T.W.*, No. 07-18-00056-CV, 2018 WL 3799883, at *1 n.2, *2 (Tex. App.—Amarillo Aug. 9, 2018, no pet. h.) (holding that the 2017 amendments do not apply to suit filed before September 1, 2017, and that the language of the second 2017 amendment—the Act of May 28, 2017—controls with respect to the effective date); *see also* TEX. GOV'T CODE ANN. § 311.025(b) (West 2013) (providing for resolution of conflicting amendments enacted in the same session).

The record reflects that the trial court entered a temporary order in which it appointed the Department of Family and Protective Services as the temporary managing conservator of A.L.S. on March 23, 2017. Therefore, the dismissal date was March 26, 2018. The trial commenced on April 4, 2018, after the mandatory dismissal date. Appellant, however, did not object or file a motion to dismiss prior to the commencement of trial. She waited until after the first witness testified before she brought the matter to the trial court's attention and asked the trial court to dismiss the suit.

Under the law as it existed on the date this suit was filed, a trial court did not lose jurisdiction over a termination proceeding when the dismissal date passed. *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 642 (Tex. 2009). Furthermore, a party who failed to "make a timely motion to dismiss" prior to the commencement of the trial waived the right to object to the trial court's failure to dismiss the suit. Former FAM. § 263.402(b)[3]; *see In re K.L.C.*, No. 11-14-00019-CV, 2014 WL 3639124, at *6 (Tex. App.—Eastland July 17, 2014, pet. denied) (mem. op.). Although Section 263.402(b) was deleted by the legislature in the 2017 amendments to the Family Code, it remained in effect in this case. *See In re T.W.*, No. 07-18-00056-CV, 2018 WL 3799883, at *2 (Tex. App.—Amarillo Aug. 9, 2018, no pet. h.) (holding that parents were obligated to timely move for dismissal). Here, Appellant failed to file her motion to dismiss prior to the commencement of the trial. Therefore, under the law applicable to this case, she waived the right to object to any

---

[3]Prior to the 2017 amendments, Section 263.402(b) provided as follows:

> A party to a suit under this chapter who fails to make a timely motion to dismiss the suit under this subchapter waives the right to object to the court's failure to dismiss the suit. A motion to dismiss under this subsection is timely if the motion is made before the trial on the merits commences.

This provision was deleted by the legislature in the 2017 amendments to the Family Code. *See* Act of May 28, 2017, 85th Leg., R.S., ch. 319, § 13, at 719.

failure of the trial court to dismiss this suit based upon the mandatory dismissal date. *See* former FAM. § 263.402(b); *T.W.*, 2018 WL 3799883, at \*2; *K.L.C.*, 2014 WL 3639124, at \*6. We overrule Appellant's first issue.

In her next two issues, Appellant asserts that the evidence is legally and factually insufficient to support the trial court's findings under subsections (D) and (E) of Section 161.001(b)(1) of the Family Code. *See* TEX. FAM. CODE ANN. § 161.001(b)(1) (West Supp. 2017). We need not reach the merits of these issues because Appellant challenges only two of the four findings made by the trial court under Section 161.001(b)(1).

To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.* § 161.001(b). After the final hearing in this case, the trial court found by clear and convincing evidence that Appellant had committed four of the acts listed in Section 161.001(b)(1)—those found in subsections (D), (E), (N), and (O). Specifically, the trial court found that Appellant had knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the physical or emotional well-being of the child, that Appellant had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the physical or emotional well-being of the child, that Appellant had constructively abandoned the child, and that Appellant had failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of child. The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the child.

The Department, in its brief, points out that Appellant has not challenged the findings made by the trial court pursuant to subsections (N) and (O) or the finding made by the trial court as to best interest. Because Appellant failed to challenge

these findings, they are binding on this court. *In re E.A.F.*, 424 S.W.3d 742, 750 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Accordingly, we need not address Appellant's second and third issues because the unchallenged findings are sufficient to support termination. *See id.*; *see also* FAM. § 161.001(b).

We affirm the order of the trial court.


JIM R. WRIGHT
SENIOR CHIEF JUSTICE


September 13, 2018

Panel consists of: Bailey, J.;
Gray, C.J., 10th Court of Appeals[4];
and Wright, S.C.J.[5]

Willson, J., not participating.

---

[4]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

[5]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.